FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10182 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00455-WHA-1 |
| v. | |
| MARCEL DARON KING, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted February 13, 2012
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Defendant Marcel Daron King appeals his conviction for being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues that the

district court erred by declining to hold an evidentiary hearing and denying his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

motion to suppress his confession. He also challenges his sentence as substantively unreasonable and procedurally erroneous.[1] We affirm.

1. Reviewing for abuse of discretion, United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000), we hold that the district court did not err by declining to grant Defendant an evidentiary hearing on his motion to suppress. "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (per curiam).

Here, the moving papers were not "sufficiently definite, specific, detailed, and nonconjectural" to suggest that material questions of fact existed. Defendant contends that a dispute of fact existed as to whether he was interrogated about the firearm before the video recording of his interview began. But Defendant never specifically alleged in his moving papers that any such interrogation occurred. Therefore, no material question of fact existed, and the district court properly denied Defendant's request for an evidentiary hearing.

---

[1] In a separate opinion filed this date, we address Defendant's additional challenge to the warrantless probation search of his room.

2. Reviewing de novo, United States v. Rodriguez–Rodriguez, 393 F.3d 849, 855 (9th Cir. 2005), we affirm the district court's denial of Defendant's motion to suppress his confession. Defendant argues that his confession was inadmissible under Missouri v. Seibert, 542 U.S. 600, 617 (2004), because it resulted from a deliberate two-step interrogation. An impermissible two-step interrogation under Seibert "involves eliciting an unwarned confession, administering the Miranda warnings and obtaining a waiver of Miranda rights, and then eliciting a repeated confession." United States v. Narvaez-Gomez, 489 F.3d 970, 973–74 (9th Cir. 2007). The district court ruled that no pre-warning interrogation occurred. We agree.

Whether a defendant was subjected to interrogation is a mixed question of law and fact, which we review de novo. United States v. Foster, 227 F.3d 1096, 1102 (9th Cir. 2000). Here, police made no pre-warning statements that they should have known were "reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnote omitted). Police simply apprised Defendant of where they had gone earlier that day and told Defendant that his mother had pointed out a room in the basement where he sometimes stayed. Defendant also gave no incriminating pre-warning

responses. Therefore, no two-step interrogation occurred, and Defendant's motion to suppress was properly denied.

3. Reviewing for abuse of discretion, <u>United States v. Carty</u>, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), we affirm Defendant's sentence. His within-Guidelines sentence was not substantively unreasonable or procedurally erroneous. The district court permissibly rejected Defendant's arguments for a below-Guidelines sentence, and Defendant points to no extraordinary circumstances placing his crime outside the "mine run" of cases. <u>Id.</u> at 994.

**AFFIRMED.**